**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Amy Davidson, Appellant,

v.

City of Beaufort, Branch Banking & Trust of South Carolina, Collins Engineering, Inc., Brantley Construction Company, Inc., and Tidal Wave 23, LLC, Defendants,

Of whom Branch Banking & Trust of South Carolina and City of Beaufort are Respondents.

Phillip Davidson, Appellant,

v.

City of Beaufort, Branch Banking & Trust of South Carolina, Collins Engineering, Inc., Brantley Construction Company, Inc., and Tidal Wave 23, LLC, Defendants,

Of whom Branch Banking & Trust of South Carolina and City of Beaufort are Respondents.

Appellate Case No. 2010-163346

———————————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-059
Heard December 10, 2012 – Filed January 30, 2013

**AFFIRMED**

H. Fred Kuhn, Jr., of Moss Kuhn & Fleming, PA, of
Beaufort, for Appellants Amy and Philip Davidson.

Edward K. Pritchard, III, of Pritchard & Elliott, LLC, of
Charleston, for Respondent Branch Banking and Trust of
South Carolina; William B. Harvey, III, of Harvey &
Battey, PA, and Mary Bass Lohr and William Thomas
Young, III, of Howell Gibson & Hughes, PA, all of
Beaufort, for Respondent City of Beaufort.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities:

1.     As to whether the trial court erred in granting summary judgment prior to the
completion of discovery:  *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439
(2003) (holding the nonmoving party must show a likelihood that further discovery
will uncover additional relevant evidence); *Gauld v. O'Shaugnessy Realty Co.*, 380
S.C. 548, 559, 671 S.E.2d 79, 85 (Ct. App. 2008) (holding a failure of proof on an
essential element of the case renders all other facts immaterial).

2.     As to whether the trial court erred in granting summary judgment to BB&T:
*Estate of Adair v. L-J, Inc.*, 372 S.C. 154, 160, 641 S.E.2d 63, 66 (Ct. App. 2007)
(indicating a landowner owes no duty to a trespasser except the duty not to do him
willful or wanton injury).

3.     As to whether the trial court erred in granting summary judgment to the City
of Beaufort:  *Miller v. City of Camden*, 329 S.C. 310, 314, 494 S.E.2d 813, 815
(1997) ("One who controls the use of property has a duty of care not to harm others
by its use.  Conversely, one who has no control owes no duty." (citations omitted));
*Gauld*, 380 S.C. at 559, 671 S.E.2d at 85 ("A complete failure of proof concerning

an essential element of the non-moving party's case necessarily renders all other facts immaterial." (citation and internal quotation marks omitted)).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**